IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>LONNIE BURDETTE PORTER,<br><br>Defendant. | CR 21-16-BLG-SPW<br><br>ORDER |

On February 4, 2022, Plaintiff United States of America filed a Motion to Dismiss Karen Porter's third-party claim as to the forfeited firearms in this case. (Doc. 102). Karen Porter did not respond to the Government's Motion. Pursuant to Local Rule 7.1(d)(1)(B)(ii) and for the following reasons, the Motion is deemed well-taken and granted.

The Court conducted a forfeiture hearing regarding the seized firearms on September 23, 2021. Karen Porter, Defendant Lonnie Porter's mother, testified at that hearing. During her testimony, Mrs. Porter described the firearms as originally belonging to her late husband and it was under her husband's direction that Lonnie

1

Porter would become the owner of the firearms after Mrs. Porter's husband's death. (Doc. 101 at 13). At one point, Mrs. Porter was directly asked, "So it would be fair to say that you're not -- you're not contesting that Lonnie did indeed -- was the owner of all of these firearms after your husband died?" (*Id.*). Mrs. Porter replied, "Right, right." (*Id.*). Following the presentation of evidence and argument, the Court found that Karen Porter was not the owner of the firearms, that the Government had met its burden, and ordered the forfeiture of the firearms. (*Id.* at 17-18).

The Court entered a Preliminary Order of Forfeiture on October 18, 2021. Per the Preliminary Order, the Government filed a declaration of publication on November 26, 2021. Karen Porter filed her third-party claim on December 8, 2021.

To challenge forfeiture, a third-party must establish by a preponderance of the evidence that:

> (A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section; or
> (B) the petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under this section.

21 U.S.C. § 853(n)(6). If there are no disputed factual issues, a court may dispose of a petitioner's claim as a matter of law. *See United States v. Martinez*, 228 F.3d 587 (5th Cir. 2000).

The Court finds that there are no disputed factual issues and further finds that Karen Porter, based on her own testimony, does not have a legal claim or possessory interest in the forfeited firearms. As Mrs. Porter did not file a response to the Government's Motion, the Court deems the Motion well-taken.

**IT IS HEREBY ORDERED** that Plaintiff United States of America's Motion to Dismiss Third-Party Claim (Doc. 102) is **GRANTED.** Plaintiffs are ordered to file a proposed final order of forfeiture for Court review.

The Clerk of Court is directed to notify the parties of the making of this order.

DATED the 29th day of March, 2022.

SUSAN P. WATTERS
United States District Judge

3