IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 21–16–BLG–SPW |
| Plaintiff, | |
| vs. | ORDER |
| LONNIE BURDETTE PORTER, | |
| Defendant. | |

On January 10, 2023, Defendant Lonnie Burdette Porter filed a motion to reduce his 30-month federal firearm sentence under 18 U.S.C. § 3582(c)(1)(A). (Doc. 115; *see* Doc. 92 (Judg.).)  His projected release date is June 28, 2023. *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed May 24, 2023).  On January 10, 2023, counsel was appointed to represent the defendant.  (Doc. 116.) Appointed counsel filed an amended motion on April 10, 2023.  (Doc. 121.)  The government takes no position.  (Doc. 125.)  For the reasons stated below, Porter's motion is denied.

## ANALYSIS

The First Step Act gives district courts wide discretion to reduce an existing term of imprisonment so long as a defendant first seeks relief from the Bureau of Prisons ("BOP") and the reduction: (1) is consistent with the applicable policy

1

statements of the Sentencing Commission, (2) takes into consideration the sentencing factors of 18 U.S.C. § 3553(a), and (3) is warranted by "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) (per curiam). Because the Sentencing Guidelines have not been updated since the First Step Act was passed, "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). Thus, this Court's decision turns on whether the defendant has presented extraordinary and compelling reasons for a reduction and whether that reduction comports with the objectives of § 3553(a). *See Keller*, 2 F.4th at 1284.

Here, Porter argues that an extraordinary and compelling circumstance warrants his release, as he has serious health issues including a necessary back surgery. Ultimately, while Porter has shown an extraordinary and compelling reason for early release, he fails to show early release is warranted under the § 3553(a) factors. Accordingly, his motion is denied.

## I.    Exhaustion of Administrative Remedies

A defendant may only file a motion for compassionate release with the district court once he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

2

defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here,
Porter avers that he filed a request for relief with the warden at his facility in June
2022 but never received a denial letter. (*See* Doc. 115 at 3.) There is no record of
his request nor of a denial. The government concedes that it "has no basis to
dispute this" and states that "BOP representatives have admitted . . . that the record
keeping regarding such requests is poor." (Doc. 125 at 1–2.) Thus, assuming
Porter did request relief in June 2022, there has been a lapse of 30 days from the
receipt of such a request. Thus, Porter has exhausted his administrative remedies
as required by statute.

## II.    Extraordinary and Compelling Reasons

Porter argues that his poor and deteriorating health warrant his early release.
While the First Step Act does not define "extraordinary and compelling reasons,"
the Sentencing Commission's nonbinding policy statements provide informative
and illustrative examples of such reasons. *See* USSG §1B1.13(1) app. n. (1). Such
reasons currently include a "serious physical or medical condition" that
"substantially diminishes the ability of the defendant to provide self-care within the
environment of a correctional facility and from which he or she is not expected to
recover" as a basis for early release. USSG §1B1.13(1)(A)(ii), app. n. 1(A)(ii).

Here, Porter's argues that he needs immediate medical care, including back
surgery, to address his neck and back pain. (*See* Docs. 115, 122.) The government

agrees that Porter needs back surgery.  (Doc. 125 at 2.)  He has a history of colon cancer and gallbladder issues resulting in the surgical removal of 30% of his transverse and descending colon.  (Doc. 123-4.)  He had an "[a]cute/subacute mild compression fracture of the superior T5 end plate" in his back diagnosed while in BOP custody.  (Doc. 123-5 at 2.)  In his original motion, he avers that the injury occurred when his transport bus hit a pothole and he was thrown to the floor, landing on his tailbone.  (Doc. 115 at 1.)  However, he also began seeking medical help for his back pain as early as 2013.  (Doc. 123-1.)  MRIs taken while in BOP custody found "multiple areas of concern" including most severely "[c]ervical degeneration with associated osteoarthritic change."  (Doc. 123-7.)  The BOP requested follow-up neurological evaluation that has yet to be completed.  (*Id.*)  He is currently taking Gabapentin and Naproxen daily to mitigate pain.  (Doc. 123-10.)  Porter's medical condition therefore provides an extraordinary or compelling reason for release.

## III.   Section 3553(a) Factors

Nevertheless, demonstrating an extraordinary and compelling reason to reduce a sentence meets only one element of § 3582(c)(1)(A).  To determine whether relief is appropriate, a court must also consider the federal sentencing objectives set forth in 18 U.S.C. § 3553(a).  Pertinent factors include the "nature and circumstances of the offense and the history and characteristics of the

4

defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). Courts may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants. *See id.* § 3553(a)(4), (6).

Porter does not meet his burden of demonstrating the § 3553(a) factors weigh in favor of his early release. He only avers that he has served the majority of his sentence, (*see* Doc. 122 at 4), that he has "learned [his] lesson and [has] suffered greatly in prison" and that "[he] will never come back here EVER!" (Doc. 115 at 3). But he has an extensive criminal history that includes driving while impaired and other driving-related offenses, disorderly conduct, obstructing a peace officer, drug offenses, theft, and assault. (*See* PSR ¶¶ 39–63.) In July 2019, Porter was charged with aggravated burglary, a felony for which he pled *nolo contendre*—a three-year deferred sentence was imposed. (*See* PSR ¶ 49.)

For the instant offense, Porter was found guilty after a two-day trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). (*See* Docs. 1 (Indict.), 48 (Jury Verdict).) At sentencing, his total offense level was found to be 20, and with a criminal history category of III, his applicable guideline range

5

was calculated to be 41 to 51 months. (Doc. 107 at 45.) Porter objected to the

calculated total offense level and requested a two- to eight-month sentence. (Doc.

84 at 8.) The government requested 41-month sentence. (Doc. 83 at 9.) He

ultimately received a sentence of 30 months, with three years of supervised release,

(*see* Doc. 92), a significant downward variance, (*see* Doc. 107 at 73). In

fashioning his sentence, the Court considered Porter's criminal history—especially

his multiple offenses involving firearms, his lack of respect for the law, and the

nature of this offense, including the mitigating fact that it did not involve

brandishing or threating another with a firearm. (Doc. 107 at 41–45, 73.) The

Court was also made aware of his degenerative disk issues and back pain. (*See*

Doc. 84 at 10.)

Although Porter has served less than two years of his sentence, he is

projected to be released on June 28, 2023. *See* Inmate Locator,

http://www.bop.gov/inmateloc (accessed May 23, 2023). Further, Porter has not

met his burden of providing any reasons why the § 3553(a) factors have changed

such that early release is warranted. Accordingly, any further reduction of Porter's

sentence would denigrate the seriousness of his crimes and undermine respect for

the law. *See* 18 U.S.C. § 3553(a)(2)(A)–(C).

## CONCLUSION

Based on the foregoing, IT IS ORDERED that the defendant's motion for

compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 115, 121) is

DENIED.

DATED this _30th_ day of May, 2023.

Susan P. Watters, District Judge
United States District Court

7